UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE IMPERIAL TOY LLC,<br><br>Debtor,<br><br>PIETRO PASQUALE ANTONIO SGROMO (a/k/a PETER ANTHONY SGROMO),<br><br>Appellant,<br><br>v.<br><br>JA-RU, INC.<br><br>Appellee. | Case No.  19-cv-08431-EJD<br><br>**ORDER DISMISSING BANKRUPTCY APPEAL**<br><br>Re: Dkt. No. 8 |

In November 2019, Imperial Toy LLC ("Imperial Toy" or "Debtor") filed a petition for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Northern District of California, seeking to conduct a bankruptcy auction for substantially all of its assets. Imperial Toy had arranged with Appellee Ja-Ru, Inc. ("Ja-Ru") to be the "stalking horse" bidder, and Ja-Ru was the eventual winning bidder at auction. As part of Imperial Toy's Asset Purchase Agreement with Ja-Ru, Ja-Ru was to assume certain executory contracts; among these contracts were license agreements with a company called Wide Eyes Marketing Ltd. The Bankruptcy Court approved the sale under the terms of the Asset Purchase Agreement on December 17, 2019, and the sale closed the next day.

Appellant Pietro Pasquale Antonio Sgromo now brings this appeal to correct the cure amount he believes was due in connection with the license agreements assumed by Ja-Ru. Having reviewed the parties' briefing and the record in the case, the Court finds that it must DISMISS the

appeal and DENY Appellant's request for relief.

## I. BACKGROUND

The following basic facts are undisputed, unless otherwise indicated.

The Debtor, Imperial Toy, describes itself as a manufacturer and seller of manufacture of children's toys. Dkt. No. 9-1 ("Appellee App'x") at 7. Its main categories include novelty toys and bubbles and bubble toys. *Id.* In early 2019, Imperial Toy's business and financial performance began to deteriorate, leading it to consider a sale to a third party. *Id.* at 12. Imperial Toy entered into a letter of intent with a buyer in September 2019 but, due to further deterioration in Imperial Toy's performance, was unable to close the sale. *Id.* Consequently, Imperial Toy began negotiations with Ja-Ru in November 2019 for Ja-Ru to serve as the "stalking horse" bidder in a bankruptcy auction for substantially all of Imperial Toy's assets. *Id.* at 12-13. This time, the negotiations bore fruit, and Imperial Toy and Ja-Ru entered into an Asset Purchase Agreement (the "APA") setting out the proposed terms of the sale. *See id.* at 54-104 (copy of APA).

The next step was for Imperial Toy to file its petition for Chapter 11 bankruptcy, which it did on November 18, 2019. *See* Appellee App'x at 54-104 (copy of APA); Dkt. No. 1-3 ("Bankruptcy Court Docket Sheet") at 1. Imperial Toy then immediately filed a motion pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), and 365, asking the Bankruptcy Court to approve the sale of substantially all of its assets (the "Sale") to Ja-Ru (or a winning overbidder, if any), free and clear of any and all liens, claims, and interests. *See* Appellee App'x at 31-109 ("Sale Motion"). In addition, and of particular relevance here, the APA provided for the assignment to and assumption by Ja-Ru of certain executory contracts ("Assumed Contracts"). *Id.* at 36. Accordingly, the Sale Motion also sought the Bankruptcy Court's authorization for such assumption and assignment under 11 U.S.C. § 365. *Id.*

In a supplement to the Sale Motion, Imperial Toy listed the proposed Assumed Contracts, subject to Ja-Ru's ability to elect not to assume any of them prior to the closing of the Sale. Appellee App'x at 49; *see id.* at 116-17 (list of contracts). As 11 U.S.C. § 365(b)(1) requires that any defaults in an executory contract to be cured in order for it to be assigned and assumed, the

Case No.: 19-cv-08431-EJD
ORDER DISMISSING BANKRUPTCY APPEAL
2

supplement also included proposed cure amounts. Among these contracts were licensing agreements between Imperial Toy and a company called Wide Eyes Marketing Ltd ("Wide Eyes"). *See id.* at 116. The supplement proposed a cure amount of $59.76 for the Wide Eyes Licensing Agreements. *Id.*

Pursuant to the procedures in the APA, counterparties to the Assumed Contracts were given an opportunity to object to assumption and assignment, to adequacy of protection of future performance, or to the cure amount. *See* Appellee App'x at 111-13 (providing notice to counterparties). Mr. Sgromo, the Appellant, filed an objection pro se, arguing that the Wide Eyes Licensing Agreements could not be assigned and assumed; he did not specifically challenge the cure amount. *See id.* at 119-137 ("Sgromo Objection"); *see also id.* at 150-153 (Ja-Ru's response to the Sgromo Objection). Wide Eyes, meanwhile, did not file an objection.

The auction was conducted on December 13, 2019, and Ja-Ru emerged as the winning bidder. *See* Appellee App'x at 157.

On December 16, 2019, the Bankruptcy Court heard the Sale Motion. Bankruptcy Court Docket Sheet at 21-22. At the hearing, the Bankruptcy Court considered and overruled Mr. Sgromo's objection. *See id.*; *see also id.* at 311-312, 321-24, 333-39, 367-375 (Tr. at 16-17, 26-29, 38-44, 72-80). The Bankruptcy Court explained that Mr. Sgromo could not assert an objection to the Wide Eyes License Agreements, to which he was not a party:

> There was no opposition filed on behalf of Wide Eyes Marketing. You did file an opposition and request for affirmative relief individually, on your own behalf, but that does not apply to Wide Eyes Marketing.

*Id.* at 336 (Tr. at 41); *see also id.* at 324 (Tr. at 29) ("[T]hey're seeking to assume Wide Eyes Marketing's license, which you can't represent."). Mr. Sgromo responded that he actually owned the patents underlying the licenses, but the Bankruptcy Court found that there was no evidence to support his assertion; on the contrary, a court in the Eastern District of Texas had recently determined that Sgromo "lack[ed] ownership" of the same two patents. *Sgromo v. Imperial Toy LLC*, No. 2:19-CV-00068-RSP, 2019 WL 4394565, at *2 (E.D. Tex. Sept. 13, 2019). The Court therefore rejected Mr. Sgromo's objection. Appellee App'x at 374-75 (Tr. at 79-80).

Case No.: 19-cv-08431-EJD
ORDER DISMISSING BANKRUPTCY APPEAL
3

1  Then, because Wide Eyes had failed to file an objection, the Bankruptcy Court ruled that
2  any potential objections to the assumption and assignment of the Wide Eyes Licensing
3  Agreements were waived.  Appellee App'x at 374 (Tr. at 79).
4  The Bankruptcy Court entered its order granting the Sale Motion and confirming its
5  rejection of Mr. Sgromo's objection on December 17, 2019.  *See* Bankruptcy Court Docket Sheet
6  at 22; Appellee App'x at 274-293.  The sale closed on December 18, 2020.  Bankruptcy Court
7  Docket Sheet at 24; *see also* Appellee App'x at 290.

## II. SGROMO'S APPEAL

On December 26, 2019, Mr. Sgromo filed a notice of appeal before this Court.  Dkt. No. 1.
He appeals on his own behalf, pro se.  *See* Dkt. No. 8 ("Appellant Br.") at 2.

In his appeal, Mr. Sgromo seeks "to correct the cure amount of royalties due" as to the Wide Eyes License Agreements pursuant to 11 U.S.C. § 365(b).  Appellant Br. at 2; *see also* Dkt. No. 10 ("Reply") at 3.  Mr. Sgromo asserts that the $59.76 approved by the Bankruptcy Court was the "incorrect amount," Appellant Br. at 6; he puts the amount necessary to cure the various alleged breaches of the agreements at over three million dollars, *see id.* at 8-11 (claiming $36,532.29 plus $2,040,000 plus $1,200,000).  Mr. Sgromo believes the Bankruptcy Court's error stemmed from its refusal to hold an evidentiary hearing "as the true cure amount was impossible to determine based on written submissions or oral testimony."  *Id.* at 3; *see also* Reply at 3.  Mr. Sgromo does not appear to have moved the Bankruptcy Court for reconsideration of the cure amounts.  *See* Bankruptcy Court Docket Sheet.

Mr. Sgromo expressly specifies that his appeal is limited to the amounts necessary to cure defaults under the agreements; he does not want to "overturn the sale."  Reply at 3.

## III. DISCUSSION

Appellee Ja-Ru raises several arguments in opposition to Mr. Sgromo's appeal, including that Mr. Sgromo lacks standing to bring this appeal.  *See* Dkt. No. 9 ("Appellee Br.") at 8-12.  Because this Court agrees that Mr. Sgromo lacks standing to appeal the cure amount due in connection with the Wide Eyes Licenses, the Court's analysis begins and ends there.

Case No.: 19-cv-08431-EJD
ORDER DISMISSING BANKRUPTCY APPEAL
4

As in other contexts, the party seeking to appeal a bankruptcy court order has the burden of demonstrating Article III standing as to the appeal. *See In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). To do so, the appellant must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant;4 and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*. (TOC), Inc., 528 U.S. 167, 180–81 (2000)).

In addition, because bankruptcy cases generally affect the rights of many, all circuits, including the Ninth Circuit, "limit standing to appeal a bankruptcy court order to 'person[s] aggrieved' by the order." *Matter of Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018). This prudential standing limitation "serves the interest[] of judicial efficiency," "fill[ing] the need for an explicit limitation on standing to appeal in bankruptcy proceedings." *Id.* (internal quotation marks omitted). Under the "persons aggrieved" test, only "someone who is directly and adversely affected pecuniarily by a bankruptcy court's order, has standing to appeal that order." *Id.* (internal quotation marks omitted). "[I]n other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights." *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999).

In this case, Mr. Sgromo has failed to demonstrate that he has Article III standing or prudential standing to appeal the cure amounts due as to the Wide Eyes Licensing Agreements or otherwise challenge Ja-Ru's assumption of those agreements.

As Mr. Sgromo correctly recognizes, 11 U.S.C. § 365 governs the assignment and assumption of a debtor's executory contracts. *See* Appellant Br. at 6-7. Mr. Sgromo is also correct that § 365(b) requires the cure (or adequate assurance of prompt cure) of any defaults prior to assumption of a contract. *See id.* The statute specifies, however, that compensation is due only to "a party other than the debtor to such contract or lease." 11 U.S.C. § 365(b)(1)(B).

As noted above, Mr. Sgromo brings this appeal pro se, on his own behalf. He does not

Case No.: 19-cv-08431-EJD
ORDER DISMISSING BANKRUPTCY APPEAL
5

purport to appeal on behalf of Wide Eyes. Nor could he, as he does not claim to be a licensed attorney. *See* Bankruptcy L.R. 9010-1; Civil L.R. 3-9(b). Yet, as the Bankruptcy Court found, Mr. Sgromo is not a party to the Wide Eyes Licensing Agreements; Wide Eyes, a separate corporate entity, is the Debtor's counterparty. This Court reviews a bankruptcy court's factual findings for clear error, and Mr. Sgromo has said nothing to contest or otherwise cast doubt upon this fact. *In re Mortgs. Ltd.*, 771 F.3d 1211, 1214 (9th Cir. 2014).

Because Wide Eyes and not Mr. Sgromo is a counterparty to the Wide Eyes Licensing Agreements, only Wide Eyes would be entitled to any cure payments due under § 365(b). Meanwhile, Mr. Sgromo does not claim that he has any interest in the cure compensation due in connection with the Wide Eyes Licensing Agreements. *See In re Douglas J. Roger, M.D., Inc.*, APC, 393 F. Supp. 3d 940, 956 (C.D. Cal. 2019) (sole shareholder of the debtor lacked Article III standing to appeal the sale order). Indeed, his Reply brief contains no response to Ja-Ru's standing challenge.

As a result, the Court concludes that Mr. Sgromo has failed to establish that he would be personally affected—pecuniarily or otherwise—by a judicial decision requiring the challenged cure amount to be emended. Mr. Sgromo thus lacks Article III standing and prudential standing to bring the instant appeal, wherefore this Court must dismiss it.

Having found that Mr. Sgromo lacks appellate standing as to the relief he seeks, the Court does not reach Ja-Ru's alternative arguments in opposition to the appeal. Mr. Sgromo's appeal is hereby DISMISSED for lack of standing.

**IT IS SO ORDERED.**

Dated: July 6, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 19-cv-08431-EJD
ORDER DISMISSING BANKRUPTCY APPEAL
6